IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv22-W
(3:04cr157)

ANDRE MCRAE, )
)
      Petitioner, )
)
v. )
) **O R D E R**
UNITED STATES OF AMERICA, )
)
      Respondent. )
_____)

**THIS MATTER** comes before the Court on Petitioner's Motions for Discovery. (Doc. Nos. 9 and 10).

In his motions, Petitioner seeks the original copy of an audiotape recording and transcript of the same made on or about April 16, 2004 which was used at trial. Petitioner contends that law enforcement agents tampered with the audiotape to remove exculpatory statements and fabricate incriminating evidence against him and that his attorney was ineffective for failing to investigate his claims of fabrication and have an expert analyze the audiotape. (Doc. No. 9 at 2-3). The Court notes that Petitioner did not raise an issue regarding the authenticity of this tape recording on his direct appeal and Detective Ortiz, who was a live witness to the underlying drug transaction, testified at trial that the recording and transcript were accurate.

Generally, habeas petitioners have no right to automatic discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal

1

habeas corpus proceeding. Discovery is extremely limited in such proceedings. See <u>Bracy v. Gramley</u>, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Id</u>. at 908-90 (1997) The burden of demonstrating the materiality of the information is on the moving party, <u>Stanford</u>, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. <u>Williams v. Bagley</u>, 380 F.3d 932 (6th Cir. 2004).

Petitioner has not satisfied the high standard set forth in Rule for the discovery he is requesting. Therefore, Petitioner's motion for discovery is denied.

**IT IS HEREBY ORDERED** that Petitioner's discovery motions are DENIED (Doc. Nos. 9 and 10).

**SO ORDERED**.

Signed: May 16, 2011

Frank D. Whitney
United States District Judge